SNEED, J.,
delivered the opinion of the Court.
The plaintiff is the widow of Louis E. Hill, deceased, and the mother of his four minor children, the eldest of whom was eight years of age when the accident occurred which resulted in the death of the •said husband and father. He was killed by the defendant’s train of cars on the 12th of July, 1873. There being no administration on the estate of her husband, the plaintiff has brought this action under the Statute to recover for the benefit of herself and children, damages for the injury so inflicted. The jury rendered a verdict for the plaintiff, assessing the damages at two thousand, two hundred and fifty dollars, *825 ($2,250.) . We bave beard the able argument submitted at the bar on behalf . of the defendant, and have carefully considered the propositions maintained, and the result is, that this judgment must be affirmed. The principles of the Common Law, so ably invoked by the learned counsel for the defendant, can not aid them in this case. The Statutes which must determine the rights of the parties have been so often before this Court for construction, and the very question now in issue has been presented in phases so multiform and varied, and has been so often discussed in adjudged cases, that but little more is necessary in this case than to confront the ingenious argument with the inexorable rule of the Statute itself, that “ every Railroad Company shall keep the engineer, fireman, or some other person, on the lookout ahead; and when any person, animal, or other obstruction, appears upon the Road, the alarm-whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident; and that every Railroad Company that fails to observe these precautions, or cause them to be observed by its agents and servants, shall be responsible for all damages to persons or property occasioned by or resulting from any accident or collision that may occur; and that no Railroad Company that observes or causes to be observed these precautions, shall be responsible for any damage done to person or property on its Road — the burthen of proof that the precautions have been observed, being upon the Company.” Code, §§ 1166 1167, 1168.
*826 In this case there can be no pretense on the part of the Company that any one of these Statutory precautions have been properly observed, except in the single fact that there was a “lookout ahead” by the Engineer at the time of the accident. The defense is, that the deceased came to his death by his own reckless incaution. It has been frequently adjudged by this Court that contributory negligence on the part of the party injured, may be considered by the jury in mitigation of damages; and the learned Judge below thus expounded the law to the jury with a liberality toward the Company, of which, it seems to us, the plaintiff had the better right to complain. But it is urged that the deceased came to his death by his own willful act, and hence is not entitled to a recovery in any amount. There are cases in which it has been said that the law does not require impossibilities of a Railroad Company; but they rest upon their own peculiar jacts. The facts in this case are, that the train was running at the rate of from eight to twelve miles per hour on an up-grade track, and on an air line of some six hundred to one thousand yards; that at its then rate of speed it was running two hundred and ninety yards per minute, and forty feet in nine seconds. This speed rate is computed by the agents of the Company. It was at night, with a bright head-light reflecting a view of the track for seventy-fioe yards. The Engineer testifies that he discovered several persons on the track some seventy-five yards before the engine. The proof shows that they were meeting the train. The Engineer further says that *827 be saw all of them step off the track except the deceased ; but did not ring a bell until the deceased had approached within twenty-five or thirty feet of the engine; and neglected the whistle entirely until the deceased was within twelve or fifteen feet of the engine. It appears that the deceased was under the influence of,strong drink. A witness proves that he staggered once off the track and then on again. He was stricken and killed on the ends of the cross-ties, outside of the rails, by the bumper, which projects two or three feet beyond the sides of the engine. The Engineer further states, that as he had seen the others step off the track, he supposed the deceased would do so too, as he might have put himself out of danger by. a single step. The Statute does not brook the slightest speculation- upon things that are proháble or possible, either by the Court or by the Company’s agents; but demands an absolute obedience to. its provisions, whether they seem necessary or not. We do not know what might have been the effect of the alarm-whistle even upon the maudlin brain of a drunken man; nor are we allowed to conjecture as to the question whether the timely startle of the alarm-whistle might not have saved this man’s life, and spared the Company this litigation. How could the Engineer know that the deceased- was not both blind and deaf? It was the positive and imperative duty of the Engineer to have given the alarm the instant he saw these persons on the track. But we have given the Company’s version of the transaction alone. .It is positively shown by the plaintiff that no bell *828 or whistle was sounded at all until the very instant of the collision. The jury, upon either hypothesis, would have been brought to the same verdict as to the culpability of the defendant; i. e., that the homieide, under the Statute, was utterly inexcusable: — and, in such a case, we can not hold the damages excessive. These laws must be enforced whenever they are violated. They may seem to have the semblance of harshness toward Railroad Companies: — but they are humane and wholesome, even to them: — for they are easily obeyed; and, if obeyed, these Companies have an absolute impunity not always vouchsafed to them under the doctrines of the Common Law. Upon the construction of these Statutes there has been “no varia-bleness or shadow of turning ” in the adjudicated cases. Smith v. N. &. C. R. R. Co., 6 Col., 589; Burke v. Same, Id., 45; Smith v. N. & C. R. R. Co., 6 Heis., 174; Thomas v. N. & C. R. R. Co., 5 Heis., 262; Stone v. L. & N. R. R. Co., 7 Heis., 468; Edwards v. N. & C. R. R. Co., MS, Nashville, January Term, 1875; Routon v. N. & C. R. R. Co., MS., Jackson, 1875, etc., etc.
Affirm the judgment.